UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x-----------------------------------------------------------x

| | | |
|---|---|---|
| ANNA RUBIK, | : | 14 CIV 4777 (CM) (AJP) |
| Plaintiff, | : | COMPLAINT<br>ECF CASE |
| -against- | : | |
| NIC & ZOE COMPANY, | : | |
| Defendant. | : | |

x-----------------------------------------------------------:

Plaintiff ANNA RUBIK, by her attorney Mark J. Lawless, complaining of the defendant NIC & ZOE COMPANY, alleges:

1. Plaintiff ANNA RUBIK (previously known as "Anja Rubik", and referred to herein as "Rubik") is a professional model, known internationally, who regularly commands substantial fees for her modeling services and the endorsements implied with them. Plaintiff is a citizen of Poland who maintains resident alien status in the United States, residing in New York.

2. Defendant NIC & ZOE COMPANY ("NZC") is a corporation engaged in the design and marketing of fashions. Defendant was organized and is existing under the laws of Delaware, and maintains its principal place of business in the Commonwealth of Massachusetts.

3. Jurisdiction of this action arises under 28 U.S.C. §1332(a)(2) and principals of pendant jurisdiction. Venue lies in this District by reason of 28 U.S.C. §1391(a)(2). This action presents a controversy in which the matter at issue exceeds $75,000, exclusive of interest and costs.

4. In Spring, 2013, NZC retained a New York advertising agency, Lipman Operating LLC ("Lipman Agency"), as its agent in contracting for the services of models and other professionals for use in an advertising campaign for the products of NZC.

5. In Spring, 2013, Lipman Agency, as agent for its disclosed principal NZC, engaged for NZC the services of Rubik pursuant to a "Model Release", which was executed on her behalf by a representative of NEXT Model Management ("NEXT"), her modeling agency at the time. The services included participation in a photographic modeling session scheduled to take place in New York City in May, 2013, the delivery of a conditional consent that set forth the terms and conditions of the engagement, a 6 month period for the use of Rubik's image, and a coextensive term barring use of her name or likeness in connection with any product or service competitive or incompatible with those of NZC.

5. The Model Release identified Lipman Agency as agent for NZC, and made specific provision for the liability of NZC for payments due hereunder. Pursuant to the Model Release, Lipman Agency assumed joint liability with NZC for payment to Rubik of those sums Lipman Agency received from NZC for remittance to her. The Model Release did not provide that payment to Lipman Agency was to release NZC from its obligation to pay Rubik for her services.

6. The Model Release called for NZC, through its agent Lipman Agency, to pay Rubik a fee of $150,000 for her services.

7. Neither Lipman Agency nor NZC has paid Rubik the fee stipulated for her services in the Model Release.

8. NZC has refused to make the payment to Rubik stipulated in the Model Release despite demand therefor.

9. NZC's breach of the Model Release suspended any further obligation of Rubik to perform thereunder.

10. NZC's breach of the Model Release voided the consent by Rubik to use her image in NZC's merchandising campaign.

11. NZC used Rubik's image in commerce within the state of New York, in Internet and other displays, for commercial purposes commencing in or about August, 2013.

## FIRST CAUSE OF ACTION
### Breach of Contract

12. The allegations of Paragraphs 1-11 are repeated as if fully set forth.

13. NZC has breached its agreement with Rubik.

14. By reason of the foregoing, Rubik has been damaged in the amount of $150,000.

## SECOND CAUSE OF ACTION
### Quantum Meruit

15. The allegations of Paragraphs 1-14 are repeated as if fully set forth.

16. The services of Rubik were performed at the specific instance of NZC, and were rendered in the expectation of payment.

17. No payment has been received by Rubik for the services rendered to NZC.

18. NZC is liable to Rubik for the value of her services performed, in no event less than $150,000.

THIRD CAUSE OF ACTION
New York Civil Rights Law §§50-51

19. The allegations of Paragraphs 1-18 are repeated as if fully set forth.

20. By reason of failure of consideration and breach of contract by NZC, and consent delivered by Rubik terminated as of the date of the breach.

21. Upon information and belief, NZC has used Rubik's image without effective consent for commercial purposes in the State of New York since the termination of Rubik's consent.

22. By reason of the foregoing, NZC is liable to Rubik for damages in an amount of no less than $150,000.

WHEREFORE Plaintiff ANNA RUBIK demands judgment of the Defendant NIC & ZOE COMPANY:

> ON THE FIRST CAUSE OF ACTION in an amount to be fixed at trial of not less than $150,000.00
>
> ON THE SECOND CAUSE OF ACTION in an amount to be fixed at trial of not less than $150,000.00
>
> ON THE THIRD CAUSE OF ACTION in an amount to be fixed at trial of not less than $150,000.00

together with interest and the costs and disbursements of this action and such further relief as the Court deems just.

Dated: June 23, 2014

/s/ MARK J. LAWLESS (6570)
Attorney for Plaintiff Anna Rubik
250 West 57th Street #1316
New York, NY 10107
(212)754-0665
Fax (212)810-2427
MLAWL34463@aol.com